UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PLAINTIFF, <br><br> v. <br><br> MINDEN SEAFOOD, LLC AND DORCHEAT SEAFOOD, LLC, DEFENDANTS | CIVIL ACTION <br> NO. 24-2360 <br><br> JURY DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Tiffany Frankel. The Defendants, Minden Seafood, LLC and Dorcheat Seafood, LLC, subjected Ms. Frankel to a sexually hostile work environment, discharged her because of sex, and retaliated against her for engaging in activity protected by Title VII.

### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of this Court pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

1

**PARTIES**

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Minden Seafood, LLC has continuously been a limited liability company doing business in the State of Louisiana.

5. At all relevant times, Dorcheat Seafood, LLC has continuously been a limited liability company doing business in the State of Louisiana.

6. At all relevant times, Minden Seafood, LLC has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g), and (h).

7. At all relevant times, Dorcheat Seafood, LLC has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g), and (h).

8. At all relevant times, the two Defendants were operated by Jeremy Wesson, who was sole proprietor, registered manager-officer, and registered agent for Defendants.

9. At all relevant times, Defendants had interrelated operations, centralized control of labor relations, common policies, common management, shared employees, and common ownership and financial control.

10. At all relevant times, the two Defendants were an integrated enterprise and/or single employer, such that all acts and failures alleged in this complaint were performed by and attributable to each of the two Defendants.

**ADMINISTRATIVE PROCEDURES**

11. More than 30 days before the institution of this action, Ms. Frankel filed a charge of discrimination ("charge") with the Commission alleging violations of Title VII by Defendant Minden Seafood, LLC.

12. On or about August 30, 2023, the Commission issued to Minden Seafood, LLC and Dorcheat Seafood a letter of determination ("determination") finding reasonable cause to believe that Defendants violated Title VII and inviting them to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. The Commission engaged in communications with Defendants to provide the opportunity to remedy the discriminatory practices described in the determination.

14. On or about October 13, 2023, the Commission issued to Defendants a notice of conciliation failure, advising that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

15. All conditions precedent to the institution of this action have been fulfilled.

**FACTUAL ALLEGATIONS**

16. Ms. Frankel began her employment with Defendants in or about 2011 as a waitress with Dorcheat Seafood.

17. In or around 2018, she began work as a cashier at the Minden Seafood location.

18. Beginning in or about February 2021, co-worker Ledderick "Bubba" Edwards, started working with Ms. Frankel at Minden Seafood.

19. Soon after the two started to work together at Minden Seafood, Edwards began sexually harassing Ms. Frankel.

20. Edwards's initial harassing behavior included looking Ms. Frankel up and down, commenting on her buttocks, telling her she looked good in leggings, and making other unwanted and inappropriate comments about her body.

21. Edwards escalated his harassment and began sexually propositioning Ms. Frankel, for example, by insinuating that her he would pay her bills if she would have sex with him.

22. Before November 2021, Ms. Frankel complained of Edwards's harassment to one or more co-workers, who informed Mr. Jeremy Wesson, the sole proprietor and general manager of Minden Seafood, LLC and Dorcheat Seafood, LLC, of Edwards's conduct.

23. In addition to Ms. Frankel, Edwards harassed one or more other female workers since beginning his employment in or about February 2021.

24. In or about November 2021, Edwards followed Ms. Frankel into the women's bathroom and exposed himself to her. He told her he wanted to put a "Magnum [condom] on it" and "stick it one time." Ms. Frankel was terrified and feared that Edwards would rape her.

25. After this encounter, Ms. Frankel contacted the police and complained of Edwards's conduct. The police arrested Edwards.

26. The following day, Ms. Frankel complained to Mr. Wesson of Edwards's harassment and requested that he not be permitted to work when she was scheduled to work.

27. After receiving this complaint, Mr. Wesson continued to allow Edwards to work with Ms. Frankel.

28. After receiving the complaint, Mr. Wesson did not take appropriate steps to remedy the conduct Ms. Frankel complained of or otherwise take steps to protect Ms. Frankel from further harassment.

29. After complaining to Mr. Wesson, Ms. Frankel worked shifts at Minden Seafood for three more days.

30. After receiving Ms. Frankel's complaint, Defendants permitted Mr. Edwards to work for three more days during the same shifts as Ms. Frankel.

31. Edwards continued to harass Ms. Frankel during these three days, including propositioning her by showing her cash and asking her to sleep with him, which she understood to be an offer of payment for sex.

32. Edwards' continuing sexual harassment caused Ms. Frankel to further fear for her safety, altered her terms or conditions of employment, and further harmed her.

33. On or about Monday, November 15, 2021, Ms. Frankel resigned her position and told Mr. Wesson that "nothing has been done about situation [with Edwards] so the only thing I can do is remove myself from the situation before something bad happens."

34. Two days after resigning, Ms. Frankel told Mr. Wesson that she was pressing charges against Edwards and requested to return to work at Dorcheat Seafood, where Mr. Edwards did not work.

35. Mr. Wesson denied her request to come back to work.

36. Defendants did not rehire Ms. Frankel because she had complained of sexual harassment or opposed Edwards's sexual advances. Said complaints and opposition constituted activity protected by Title VII.

37. Defendants took no appropriate remedial steps to address or reprimand Edwards's conduct after Ms. Frankel's resignation.

38. Defendants permitted Edwards to continue working at Minden Seafood after Ms. Frankel's complaint, Edwards's arrest, Ms. Frankel's resignation, and her request to return to work.

39. At all relevant times, Defendants failed to take reasonable measures to prevent sexual harassment in its workplace.

40. At all relevant times, Defendants failed to take prompt remedial action when they knew or should have known of Edwards's sexual harassment or when they received Ms. Frankel's complaint.

41. Ms. Frankel did not invite Edwards's sexually offensive conduct and did not welcome it. Edwards' unwelcome conduct set forth hereinabove was objectively offensive and subjectively offensive to Ms. Frankel.

42. Ms. Frankel opposed Edwards's conduct by resisting his sexual advances.

43. Edwards's harassing conduct adversely altered the terms, conditions, or privileges of Ms. Frankel's employment and caused her harm.

44. The working conditions caused by Edwards's harassment of Ms. Frankel and Defendants' failure to prevent or remedy the harassment were so intolerable that a reasonable employee would feel compelled to resign. Ms. Frankel herself felt compelled by the harassment and Defendant's failure to prevent or remedy it and, accordingly, she did resign.

45. Defendants' actions were willful or in reckless disregard of Ms. Frankel's federally protected right to be free from sex discrimination and retaliation in the workplace.

## CAUSES OF ACTION/CLAIMS

### TITLE VII

46. Through the conduct alleged herein, including in paragraphs 16-45, from at least February 2021 through November 2021, Defendants Minden Seafood, LLC and Dorcheat Seafood, LLC engaged in unlawful employment practices because of her sex (female) in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Ms. Frankel to a hostile work environment, or otherwise to altered terms, conditions, or privileged of employment, thereby causing her harm.

47. Through the conduct alleged herein, including in paragraphs 16-45, since at least November 2021, Defendants Minden Seafood, LLC and Dorcheat Seafood, LLC engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by terminating Ms. Frankel because of her sex (female).

48. Through the conduct alleged herein, including in paragraphs 16-45, since at least November 2021, Defendants Minden Seafood, LLC and Dorcheat Seafood, LLC engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Ms. Frankel by not rehiring her because she engaged in activity protected by Title VII.

49. The effect of Defendants' unlawful employment practices complained of herein has been deprive Ms. Frankel of equal employment opportunities and otherwise adversely affect her status as an employee, in violation of Title VII.

50. As a result of Defendants' unlawful actions complained of herein, Ms. Frankel has suffered pecuniary, non-pecuniary, and other losses and damages.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against its employees because of sex.

B. Order Defendants to institute and carry out policies, practices, and programs that prevent unlawful harassment, provide equal employment opportunities for female employees, and eradicate the effects of their past and present unlawful employment practices.

C. Grant a permanent injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating any employee or applicant for engaging in activity protected by Title VII.

D. Order Defendants to institute and carry out policies, practices, and programs that prevent retaliation for engaging in activity protected by Title VII and that eradicate the effects of their past and present unlawful employment practices.

E. Order Defendants to post and keep posted the notices required by Title VII, 42 U.S.C. § 2000e-10(a).

F. Order Defendants to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Title VII, 42 U.S.C. § 2000e-8(c).

G. Order Defendants to make Ms. Frankel whole by providing compensation for all damages, including past and future pecuniary and nonpecuniary losses resulting

from the unlawful practices complained of above, including backpay, emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

H. Order Defendants to pay punitive damages for their malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**Karla Gilbride**
General Counsel
U.S. Equal Employment Opportunity Commission

**Christopher Lage**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission

**Gwendolyn Young Reams**
Associate General Counsel
U.S. Equal Employment Opportunity Commission

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission

**Gregory T. Juge**
Assistant Regional Attorney
U.S. Equal Employment Opportunity Commission

                                /s/ Elizabeth J. Owen
                         **Elizabeth J. Owen**, (#33620), T.A.
                           elizabeth.owen@eeoc.gov |(504) 635-2535
                         **Jacqueline C. Barber** (#36362)
                           jacqueline.barber@eeoc.gov |(504) 635-2572
                         **Peter F. Theis** (#34786)
                           peter.theis@eeoc.gov |(504) 635-2548
                         **Scott D. Wilson** (#19835)
                           scott.wilson@eeoc.gov |(504) 635-2569
                     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                     New Orleans Field Office
                     Hale Boggs Federal Building
                     500 Poydras Street, Suite 809
                     New Orleans, LA 70130

                     **COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Jeremy Wesson
198 James Circle
Minden, LA  71055